Richardson, J.
dissenting. In these cases, a majority of the court concur with the presiding Judge. But some of us think the evidence ought to have been passed upon by the jury. Because nonsuits against the will of plaintiffs, should be ordered only in such cases as arc evidently unsupported by the evidence under any construction whatever, or clearly without foundation in legal principles.
In South Carolina, where, by a course of adjudication, the court are at liberty, as is the modern and approved practice in England, to give their expositions and opinions of evidence to the jury, nonsuits, in invitum, ought, emphatically, to be restricted to such cases of the total absence of law or evidence. It is a most important consideration, in all cases, to render the judge and jury homogeneous, and to give satisfaction by joint character and perfect union in their decisions. But nonsuits war against this fundamental policy. Apply this general object, and the principle of nonsuits just laid down. Is it evident, that when the defendant said that Wilson lied, in swearing that Hughes had left three bales of cotton ungathered in John B. Cloud’s field — Is it evident that such evidence was immaterial and unimportant to the then issue, and, therefore, could be no slander in lawl Might it not go, as evidently intended to lessen the verdict'? This is now the point. When one charges upon his neighbor, at least virtually and in effect, a perjury, prima fade, the court will not search, by judicial reasoning, to show that it may, possibly, have been less than a legal slander. But such *7 prima facie case goes to the jury, with the opinion of the Judge, because there may be two opinions upon the evidence. In the case of Duff vs. Hutson, referred to, a most respectable court has said, that in the action of trespass to try title, the proper measure of damages is the amount of rent; and such a rule carries intrinsic authority. But it was laid down by the court arguendo, in ordering a new trial, in a case where the Judge below had advised the smallest verdict that could carry costs, without any notice of the loss of rents and profits to the plaintiff. The question turned upon the charge of the Judge. It was apparent, say the court, that the jury acted upon it as a conclusion of law; and the new trial is ordered, for error in such judicial instruction to the jury. The reasoning and the rule were incidental, not essential, to the appeal. I cannot conceive, therefore, that such a rule has been made imperative in such actions for damages, and in all cases as if they were bottomed on contract, as for rent, profits or occupation. The precise nature of the action was not considered, and trespass to try title, is still an action for damages, to be defined by the circumstances and injury done, as well as by the annual profits of the land. Take for illustration, the well known case against Madame Talvand, the rent probably $1000 per annum, for some ten years, the freehold clearly in another, but actually purchased by her own hard earnings. Can it be that the circumstances that would go to lessen the damages, (rents) against her, would be rendered immaterial, nothing, in virtue of a very just general observation, made in Duff vs. Hutson; and that her witnesses might be all charged with legal impunity with lying 1 To support the present nonsuit, the court must assume all this to be law.
If my exposition of the decision in Duff vs. Hutson be correct, then the evidence of the Wilsons, that three bales of cotton were left in the field, could not be immaterial to the issue in the case of J. B. Cloud vs. George Hughes, and may be the predicate of the charge of perjury.
Under no possible construction, then, of the supposed rule in Duff vs. Hutson, can the evidence of the Wilsons be wholly immaterial to the issue. It was at least calculated, and must have enured to diminish the verdict down *8 to the minimum rents and profits. This was part of the issue. The cotton ungathered, was as a payment or discount in kind to reduce the verdict.
But returning to my former argument, suppose the slander had been against a woman for sexual incontinence ? Would the court be authorized to nonsuit the case upon a balanced critique, that the slanderous words did not amount, beyond dispute, to a charge of lewd cohabitation? Surely not. In like manner in the case before us, the charge was, of telling a lie on oath; and shall the case go unconsidered by the jury, by reason of a judicial difference and divided opinion upon the materiality of the supposed evidence? Should not the converse be the conclusion, and the case left to the jury, with just expositions? Considering, as I do, nonsuits, when not unavoidable, as the true antagonists of trial by jury — viewing, as I do, the decision about to be made, as touching upon the judicial department of the court, by extending nonsuits, and, therefore, important as a precedent — I would order a new trial, which might appear very different under a full exposition, and, possibly, justify a finding for the defendant, or small damages for the plaintiff; and would not have the case taken from the final adjudication of the jury, but would send it back, as we have the case of Weed & Fanning vs. Evans, upon the ground, not of dissatisfaction on the merits of the decision, but because the Judge mistook the proper province of the jury, even in one particular.
Wardlaw, J. concurred in the dissenting opinion.